HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRIMERICA LIFE INSURANCE, a Massachusetts Corporation,

    Plaintiff,

v.

WILLIAM ARNHOLD, a Washington citizen; WILLIAM ARNHOLD, JR., a Washington citizen; ROBERT ARNHOLD, a Washington citizen,

    Defendants.

No. 3:06-cv-05210-RBL

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the court on Plaintiff's Motion for Summary Judgment [Dkt. #10]. Plaintiff Primerica Life Insurance Company ("Primerica") seeks permission to pay the proceeds of the insurance spousal rider at issue, $250,000, plus interest at eight percent from July 28, 1999, through date of payment, less its attorneys' fees and costs, into the registry of the court. Plaintiff also requests that it and its agents be discharged from any obligations arising from the insurance policy spousal rider at issue and that Defendants be enjoined from pursuing any claims regarding the specified insurance policy against Primerica or its agents. The Court has reviewed the materials submitted in support of, and in opposition to, the summary judgment motion. For the following reasons, the motion is granted.

**I. Facts**

In 1990, Primerica issued a life insurance policy to William Arnhold that included a spousal rider for his wife, Marilyn Arnhold, in the amount of $250,000. The spousal rider provides that the beneficiary of the insurance policy should be William Arnhold, in the event of the death of his wife. Two years after the policy was purchased, on July 27, 1992, Marilyn Arnhold was reported missing and her whereabouts currently remain unknown.

On March 22, 2005, William Arnhold initiated a lawsuit regarding the distribution of Marilyn Arnhold's property and requested an order directing the issuance of a Presumed Death Certificate. As of the date this lawsuit was filed, no action had been taken on that request. The police investigation regarding Marilyn Arnhold's disappearance remains open and the Milton City Prosecutor is on record as stating that William Arnhold is a suspect in this ongoing investigation [See Dec. of Kelsey Joyce, Dkt # 13, Ex. H & I-97].

William Arnhold made a claim for the proceeds of the spousal rider in May, 2005. Other next-of-kin are Marilyn and William Arnhold's sons, William Arnhold, Jr. and Robert Arnhold, both of whom appear to be over the age of eighteen [See Dec. Of Kelsy Joyce, Ex. C-57]. Both parties agree the proceeds are payable, but Primerica argues that it could be subject to conflicting claims based on the circumstances of this case. Primerica filed this interpleader motion on March 17, 2006, and now requests summary judgment.

**II. Discussion**

**A. Summary Judgment Standard**

Summary judgment is entered only if it shown that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56( c ) (1987). A genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). The court must resolve any factual issues of

controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. *T.W. Elec. Service Inc. v. Pacific Elec. Contractors Assn.,* 809 F.2d 626, 630 (9th Cir. 1987). Summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable fact finder could return a decision in its favor. *Triton Energy Corp. v. Square D. Co.,* 68 F.3d 1216, 1220 (9th Cir. 1995).

### B. Primerica Could Be Subject to Conflicting Claims

Whenever there are uncertain conflicting claims to the proceeds of an insurance policy, the insurance company can pay into registry of court and file action in interpleader. *Butler v. Metropolitan Life Ins. Co.,* 500 F. Supp. 661 (DC Dist. Col. 1980). A disinterested insurance company filing an action in interpleader pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. §1335 may be discharged from liability upon depositing the funds at issue into the court registry. The federal interpleader statute authorizes district courts to hear cases of two or more claimants of diverse citizenship who "are claiming or *may* claim to be entitled" to the money or property; this extends to potential claims as well as actual claims. *Minnesota Mut. Life Ins. v Ensley*, 164, F.3d 977, 980 (D. Nev. 1999). The central factor in determining jurisdiction is whether the "possibility of multiple liability" of the stakeholder may arise even though "only a single obligation is owing." *Nevada ex rel. Colorado River Com'n of Nevada v. Pioneer Companies, Inc.,* 245 F. Supp. 1120, 1126 (2003). The Court may also enjoin the defendants from pursuing further legal action for payment or recovery of the proceeds at stake to protect the disinterested stakeholder from duplicative litigation. 28 U.S.C. §2361. Additionally, allowance of attorney's fees to interpleader plaintiff is within the court's discretion. *American Smelting & Refining Co. v. Naviera Andes Peruana, S.A.,* 208 F.Supp. 164, 171-72 (N.D. Cal. 1962).

The court agrees that Plaintiff, as the issuer of Marilyn Arnhold's life insurance policy, is a disinterested stakeholder. Primerica is not disputing that Marilyn Arnhold is deceased nor that the proceeds of the policy are payable. Primerica instead seeks to ensure that the proper party is paid and to

protect itself from possible future liability.  Defendants argue that no conflicting claims can be foreseen and that payment to dependant co-defendants would merely create another obstacle in defendants' attempts to gain closure in this matter.  Although both sons signed the Defendants' Response to Primerica's Motion for Summary Judgment, at this time neither adult son has signed any document stipulating a release of future claims to the policy.  Therefore, although in this case there remains currently only one claim for the proceeds of the policy, there is the possibility of multiple liability if either son makes a claim to the proceeds at some time in the future.

William Arnhold may also be unable to collect the proceeds of the policy depending on the outcome of the ongoing police investigation.  Other jurisdictions have held that an interpleader action is appropriate where the insurance company was specifically notified by criminal authorities that the primary beneficiary is a suspect in an ongoing investigation of insured's death.  *See Overstreet v. Kentucky Central Life Ins. Co.,* 950 F.2d 931, 940 (4th Cir. 1991) ("An insurer faced with potential conflicting claims by a possible slayer and the insured's estate may absolve itself of excess liability by paying the proceeds into the registry of the court and filing an action in interpleader to determine the proper recipient."); *Harper v. Prudential Ins. Co. Of America*, 233 Kan. 358, 662 P.2d 1264 (1983); *Weed v. Equitable Assurance Soc.,* 288 F.2d 463 (5th Cir. 1961); *Glass v. U.S.,* 506 F.2d 379, 380 (10th Cir. 1974).  Police investigators have specifically stated that William Arnhold is a suspect in the ongoing investigation of Marilyn Arnhold's disappearance.  If William Arnhold is later named as a principal or accessory in the killing of Marilyn Arnhold, RCW 11.84.100(1) could apply, thus naming William Arnhold as a "slayer" under Washington law, and making the proceeds of the policy payable only to the estate of the decedent or the secondary beneficiaries.  As the only other next-of-kin, Marilyn Arnhold's two adult sons would be the secondary beneficiaries.

ORDER 4

### III. Conclusion

The Court finds that the non-moving party has failed to offer evidence from which a reasonable fact finder could return a decision in its favor and that Plaintiff is entitled to judgment as a matter of law. Therefore, the Court GRANTS Plaintiff's motion for Summary Judgment. The Court further ORDERS Primerica to deposit into the Court Registry the spousal rider proceeds at issue, plus interest at a rate of eight percent from July 28, 1999, through the date of payment. The Court will award Plaintiff $4,000 for its associated attorneys fees and costs, which should be subtracted from the funds to be deposited into the registry. The Court further ORDERS that, upon such payment, Primerica and its agents will be discharged from any obligations arising under the insurance policy spousal rider at issue and that Defendants will be enjoined from pursuing any claims against Primerica or its agents regarding the spousal rider proceeds.

IT IS SO ORDERED

Dated this 20th day of June, 2006.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER   5